UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


WAYNE ANTHONY WRIGHT,

                Petitioner,

vs.                          Case No. 3:13-cv-1436-J-39JBT

SECRETARY, DOC, et al.,

                Respondents.

_____

**ORDER**

**I.  STATUS**

Petitioner Wayne Anthony Wright challenges a 2011 (Flagler County) conviction for aggravated child abuse.  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1.  He raises two grounds.  The Court will address these grounds, See Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court.

Respondents filed a Response to Petition (Response) (Doc. 9).  In support of their Response, they submitted an Appendix (Doc. 9).[1]  Petitioner filed a Reply to Respondents' Response (Reply) (Doc.

_____

[1] The Court hereinafter refers to the exhibits contained in the Appendix as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix.  Otherwise, the page number on the particular document will be referenced.  Also, the Court will reference the page numbers assigned by the electronic docketing system where applicable.

12).  See Order (Doc. 4).  Respondents calculate that the Petition is timely filed.  Response at 7-8.

## II.   STANDARD OF REVIEW

The Court will analyze the claims pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 562 U.S. 86, 98 (2011).  These exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts.  Id. at 100.  The Court will give a presumption of correctness of the state courts' factual findings unless rebutted with clear and convincing evidence, 28 U.S.C. § 2254(e)(1), and, the Court will apply this presumption to the factual determinations of both trial and appellate courts.  See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## III.   PROCEDURAL HISTORY

To provide historical context to Petitioner's grounds for habeas relief, the Court will provide a brief summary of the state criminal case.  Petitioner was charged by information with aggravated child abuse, a second degree felony.  Ex. A.  Prior to trial, he was charged by amended information with aggravated child

abuse, a first degree felony.   Ex. G at 5.   The jury returned a verdict of guilty.   Ex. B at 962; Ex. C.   The court adjudicated Petitioner guilty and sentenced him to twenty years in prison followed by ten years of probation.   Ex. D.   The court entered judgment and sentence on June 22, 2011.   _Id_.

Thereafter, Petitioner appealed his conviction.   Ex. F.   The public defender filed an _Anders_ brief and a motion to withdraw.[2] Ex. G; Ex. H.   The state filed a notice.   Ex. I.   Petitioner filed a pro se appeal brief.   Ex. J.   In his brief, he claimed that his counsel was ineffective for failure to convey a plea offer of just over four years until the day of trial.   _Id_. at ii.   The state filed another notice.   Ex. K.   The Fifth District Court of Appeal, on February 7, 2012, per curiam affirmed.   Ex. L.   The court granted the assistant public defender's motion to withdraw.   Ex. M. The mandate issued on March 2, 2012.   Ex. N.

On September 4, 2012, pursuant to the mailbox rule, Petitioner filed a 3.850 Motion for Post Conviction Relief.   Ex. O.   He again claimed his counsel was ineffective for failure to convey a plea agreement.   _Id_. at 5.   He attached a written plea offer dated August 24, 2009, addressed to Petitioner's public defender, Richard Price, offering a plea agreement to aggravated child abuse, a second degree felony, for a minimum guidelines sentence recommendation of fifty-one (51) months, followed by five years of

---

[2] _Andes v. California_, 386 U.S. 738 (1967).

- 3 -

probation.  Id., Exhibit A.  The state responded.  Ex. P.  The circuit court conducted an evidentiary hearing on December 4, 2012. Ex. Q.  Petitioner appeared pro se.  Id. at 2.  On December 20, 2012, the circuit court entered an Order Denying Defendant's Motion for Postconviction Relief, attaching supporting exhibits.  Ex. R.

Petitioner appealed.  Ex. S.  Petitioner filed an appeal brief raising the same claims that he now raises in his federal Petition. Ex. T.  The state filed an answer brief.  Ex. U.  Petitioner replied.  Ex. V.  The Fifth District Court of Appeal, on August 20, 2013, per curiam affirmed the circuit court's decision, citing Alcorn v. State, 38 Fla. L. Weekly S397 (Fla. June 13, 2013).  Ex. W.  The mandate issued on September 13, 2013.  Ex. X.

## IV.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Ground One

In his first ground, Petitioner claims that the trial court abused its discretion by not granting Petitioner's motion for appointment of counsel for the post conviction evidentiary hearing. Petition at 5.  Petitioner contends:

> The court abuse[d] its discretion in not granting the Petitioner counsel for his initial-review collateral proceeding? (Evidentiary hearing) The Petitioner filed a motion for appointment of counsel because he is uneducated in law and the procedures involved in evidentiary hearings and cross-examining competent skilled prosecuting attorneys.  The court abused its discretion by denying the appellant representation to properly litigate his constitutional claim, when under the circumstances of a particular

- 4 -

case, "the assistance of counsel is essential
to accomplish a fair and thorough
presentation."

Id. (paragraph enumeration omitted).

Petitioner states that he has only a ninth grade education and
had limited understanding of court procedures and examination
techniques, particularly with regard to the examination of the two,
sophisticated prosecuting attorneys.  Id.  He also claims that
prisoners have difficulty developing an evidentiary foundation for
claims of ineffective assistance of counsel.  Id.

Liberally construing this ground, as this Court must,
Petitioner may be attempting to raise a due process claim.
Respondents assert that ground one is not cognizable under section
2254 as a constitutional claim.  Response at 12-13.  This Court
agrees.  Although the claim may be couched in terms of denial of
due process of law (the need for "fair and thorough presentation"),
Petitioner has presented a state law claim of court error.

Indeed, the purpose of a federal habeas proceeding is review
of the lawfulness of Petitioner's custody to determine whether that
custody is in violation of the Constitution or laws or treaties of
the United States.  See Coleman v. Thompson, 501 U.S. 722 (1991).
The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted
to enforce State-created rights."  Cabberiza v. Moore, 217 F.3d
1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507,
1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).  The

Eleventh Circuit allows that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). As such, federal habeas relief does not lie for errors of state law.

It is not the province of a this Court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)). The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992). There has been no breach of a federal constitutional mandate in the instant case.[3]

---

[3] Of note,

> Florida law provides for the appointment of counsel for a petitioner seeking post-conviction relief under Rule 3.850:
>
> > **The court may appoint counsel to represent the defendant under this rule.** The factors to be considered by the court in making this determination include: the adversary nature of the proceeding, the complexity of the proceeding, the complexity of the claims

- 6 -

At most, Petitioner alleges a defect in the state post conviction process.  His claim is unrelated to the cause of his detention.  It is clear: "defects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir.) (citations omitted), cert. denied, 558 U.S. 995 (2009).  It follows that the claim raised in ground one is not a claim of constitutional dimension. Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1325-26 (11th Cir.) (recognizing that challenges to a collateral proceeding do not undermine the legality of the conviction itself; therefore, habeas relief is inappropriate), cert. denied, 562 U.S. 1113 (2010).

The claim raised in ground one amounts to an attack on a state post conviction proceeding collateral to Petitioner's detention. Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004), cert. denied, 543 U.S. 960 (2004).  Since ground one presents an issue that is not cognizable in this proceeding, this ground cannot provide a basis for federal habeas corpus relief.  Therefore, the claim raised in ground one is due to be denied.

---

presented, the defendant's apparent level of intelligence and education, the need for an evidentiary hearing, and the need for substantial legal research.

See Fla. R.Crim. P. 3.850(f)(7). **This appointment authority is discretionary**. See Graham v. State, 372 So.2d 1363, 1366 (Fla. 1979).

Mashburn v. Sec., Dept. of Corrections, 4:12-CV-289-RS-EMT, 2014 WL 6882628, at *25 (N.D. Fla. Dec. 4, 2014) (emphasis added), cert. denied, No. 14-15772 (Apr. 17, 2015).

Petitioner in his Reply, while admitting that there is no per se constitutional right to post conviction counsel, suggests that the United States Supreme Court, in Martinez v. Ryan, 132 S.Ct. 1309 (2012), provides support for his contention that the circuit court should have provided him with an attorney in his initial collateral review proceeding.  Reply at 1.  As such, Petitioner claims that because he was denied counsel at the post conviction evidentiary hearing, he was denied a fair hearing in violation of his right to due process under the Fourteenth Amendment.  Id.

The Florida Supreme Court rejected the contention that, after Martinez, there exists a new and independent cause of action to "a constitutional right to effective assistance of collateral counsel[.]"  Gore v. State, 91 So.3d 769, 778 (Fla.) (per curiam), cert. denied, 132 S.Ct. 1904 (2012).  In Gore, the Florida Supreme Court recognized that,

> While the decision in Martinez does contain expansive language, a proper analysis reveals that the Supreme Court specifically declined to address the issue of whether a constitutional right to effective assistance of collateral counsel exists:
>
> > While petitioner frames the question in this case as a constitutional one, a more narrow, but still dispositive, formulation is whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding.

- 8 -

> *Id*. at 1313. Even Justice Scalia in his
> dissent acknowledged that the majority chose
> to evade this issue. *See* *id*. at 1326 (Scalia,
> J., dissenting) (noting that the reframing of
> the issue "avoid[ed] the Court's need to
> confront the established rule that there is no
> right to counsel in collateral proceedings").
> It appears that Martinez is directed toward
> federal habeas proceedings and is designed and
> intended to address issues that arise in that
> context.

Gore v. State, 91 So.3d at 778.

Thus, Petitioner's reliance on Martinez in unavailing.  He is not entitled to habeas relief on ground one.

### B.  Ground Two

In ground two, Petitioner raises a claim of ineffective assistance of trial counsel, complaining that his counsel failed to convey a plea offer.  Petition at 7.  Petitioner exhausted this ground by raising it in his Rule 3.850 motion.  The trial court denied relief, and the Fifth District Court of Appeal per curiam affirmed.

This Court must be mindful that in order to prevail on this Sixth Amendment claim, Petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).  This Court recently explained,

In <u>Missouri v. Frye</u>, --- U.S. ----, 132
S.Ct. 1399, 182 L.Ed.2d 379 (2012) and <u>Lafler
v. Cooper</u>, --- U.S. ----, 132 S.Ct. 1376, 182
L.Ed.2d 398 (2012), the United States Supreme
Court clarified that the Sixth Amendment right
to effective assistance of counsel under
<u>Strickland</u> extends to the negotiations and
consideration of plea offers that lapse or are
rejected. See <u>Frye</u>, 132 S. Ct at 1404-08;
<u>Lafler</u>, 132 S.Ct. at 1384. The Supreme Court
specifically held that counsel has a duty to
communicate formal offers from the prosecution
to accept a plea, and that, in general, where
such an offer is not communicated to the
defendant, counsel "[does] not render the
effective assistance the Constitution
requires." <u>Frye</u>, 132 S.Ct. at 1408. The Court
also held that, in order to show prejudice
under Strickland's two-part test, a defendant
must demonstrate a reasonable probability
that: (1) he would have accepted a plea offer
but for counsel's ineffective assistance; and
(2) the plea would have resulted in a lesser
charge or a lower sentence. <u>Frye</u>, 132 S.Ct. at
1409.

<u>Johnson v. Sec'y, DOC</u>, No. 2:12-CV-469-FTM-29CM, 2015 WL 179299, at

*4 (M.D. Fla. Jan. 14, 2015).

It is noteworthy that the circuit court denied Petitioner's

claim of ineffective assistance of counsel in a well reasoned,

written decision, after conducting an evidentiary hearing. Also of

importance, the court, in its opinion, referenced the applicable

two-pronged standard as set forth in <u>Strickland</u> as a preface to

addressing Petitioner's claim of ineffective assistance of

counsel.[4]  Ex. R at 30-31.

---

[4] The circuit court also referenced <u>Hill v. Lockhart</u>, 474 U.S.
52 (1985) (establishing that the two-pronged <u>Strickland</u> standard
governs ineffective assistance of counsel claims with regard to
plea bargains) and <u>Missouri v. Frye</u>, 132 S.Ct. 1399, 1409 (2012)

- 10 -

More specifically, in its discussion of the relevant law, the court said the following:

> Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) established that the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984) two prong test governs ineffective assistance claims in the plea bargain context. . . . Florida Rule of Criminal Procedure, 3.171(c)(2)(A) and (B) provide the obligations of trial counsel in connection with plea negotiations: "[d]efense counsel shall advise defendant of all plea offers; and, all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant." It is well established that counsel's failure to convey a plea offer constitutes deficient performance. Cottle[5] at 967-966, citations omitted.

> To satisfy the second prong of Strickland, the defendant must demonstrate prejudice: 1) that a plea offer has lapsed or been rejected because of counsel's deficient performance; 2) that the defendant must prove that there is a reasonable probability he would have accepted the plea; and, 3) there is a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. Missouri v. Frye, – U.S. – 132 S.Ct. 1399,

---

(setting forth the prejudice that must be shown under Strickland in these circumstances: (1) a reasonable probability that the defendant would have accepted the earlier plea offer had he been afforded effective assistance of counsel; and (2) a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law), cert. denied, 132 S.Ct. 1789 (2012).

[5] Cottle v. State, 733 So.2d 963 (Fla. 1999).

1409, 182 L.Ed.2d 379 (2012).  The Supreme
Court goes on to add that the defendant would
also need to show a reasonable possibility
that the prosecution would have adhered to the
agreement and that it would have been accepted
by the trial court.  Id. at 1411.  In 1999 the
Florida Supreme Court held to the contrary,
reversing a Fifth District Court of Appeal
case, finding that a defendant did not have to
prove that the trial court would have actually
accepted the plea agreement because to do so
would require "unfair and unwise" speculation
as to how a particular judge would have acted
under particular circumstances.  Cottle at
968, citations omitted.

Ex. R at 30-31.

In its decision, the circuit court first addressed the
performance prong:

Clearly, Attorney Price's performance
fell below acceptable standards of
representation when he failed to present and
review the written August 26, 2009 plea
agreement with the defendant.  Although trial
counsel presented a reasonable explanation of
why he chose not to do so, this error cannot
be so cured.  The defendant has satisfied his
burden to demonstrate deficient representation
by counsel.

Id. at 31.

The court, after finding deficient performance, addressed the
second prong, the prejudice prong.  Id. at 32.  The court found the
following:

This court believes the defendant would
not have accepted the initial offer, which had
been verbally conveyed to him, simply because
it was memorialized in writing.  The testimony
of both his defense attorneys and the
defendant's own testimony was that he was only
interested in and willing to accept a county
jail sentence; 1 year.  The defendant remained

- 12 -

consistent in this position for over a year
and a half. Now aware of the original written
offer, with the trial quickly approaching,
after the fifty one (51) month offer had been
rescinded, and defense counsel presented with
a twenty (20) year offer, the defendant told
defense counsel he would need time to think
about the fifty one (51) month offer. The
defendant did not even agree to accept the
original offer when counsel made him aware of
it. Only on the day of trial did the
defendant decide he would accept the fifty one
(51) month offer, which no longer existed.
The defendant has failed to meet his burden to
show by a reasonable probability that he would
have accepted the original plea offer.
Therefore, there can be no finding of
prejudice as a result of trial counsel's
deficient performance.

Id.

The court also held:

Additionally, while noting the issue of
the trial court's acceptance of the plea is
not considered an essential element by the
Florida Supreme Court, this Court finds the
United States Supreme Court's reasoning, to
require a showing that the plea would have
been accepted by the trial court, to be sound.
Missouri v. Frye, supra. A plea bargain is
not complete until accepted by the court. The
basis of the Florida Supreme Court's ruling,
unreasonable speculation as to the court's
position is not present in this case. Cottle
v. State, supra. The trial judge in this case
made it clear he would not have accepted the
original offer. The Court finds this factor
also demonstrates a lack of prejudice to the
defendant.

Ex. R at 32. The court concluded that Petitioner failed to carry

his burden of proof and denied the Rule 3.850 motion for post

conviction relief. Id. at 33.

- 13 -

The record of the evidentiary hearing shows the following. The court denied Petitioner's motion for appointment of counsel, explaining that the court was going to address factual questions during the proceeding.  Ex. Q at 4.  Petitioner presented witnesses: himself, his mother, and attorneys Raymond Warren and Richard Andrew Price.  Petitioner requested no further witnesses. Id. at 49.  The state called Steven Gosney, a former assistant state attorney.  Id. at 50-51.

Upon review of the evidentiary hearing record, Petitioner testified that he had been represented by assistant public defenders, first Mr. Price, and then, Mr. Warren.  Id. at 7. Petitioner attested that Mr. Warren advised him close to trial or jury selection that he had found a written plea offer of 51 months in prison, followed by five years of probation.  Id. at 9. Petitioner further attested that there had been no previous plea offers.  Id. at 9, 12.  Petitioner told Mr. Warren he needed "to think about it."  Id. at 10.  The next time Petitioner saw Mr. Warren in court, Petitioner told his counsel he wanted to take the plea.  Id.

Petitioner testified that Mr. Price did not tell him about any plea offers from the state.  Id. at 12.  Petitioner said that prior to hearing about the written plea offer, he told Mr. Warren that he would only take county jail time.  Id. at 12-13.  Petitioner reiterated that he did not receive any plea offers until the written plea offer was discovered shortly before trial.  Id.

- 14 -

Mr. Warren testified that Mr. Price never told him about the written plea offer. Id. at 20. Mr. Warren said that he had told the prosecutor, Ms. Kelly Wark, that Petitioner would accept a one-year county jail offer. Id. During that discussion, Ms. Wark discovered an unsigned copy of a written plea offer. Id. at 20-21. Mr. Warren testified that he went through his documents and discovered a signed, written plea offer dated August 24, 2009. Id. at 21. Ms. Wark said even if it is a valid offer, it is revoked, and she offered twenty years in prison. Id. Mr. Warren testified that he relayed the written offer to Petitioner about a week prior to trial, Petitioner said he had to think about it, and, prior to jury selection, Petitioner accepted the written plea offer. Id. at 21, 24-25.

Mr. Warren testified that he advised Petitioner of the sentencing range when he first took over the case in August or September of 2010, including the lowest permissible sentence being the bottom of the guidelines, or 51 months. Id. at 22. Mr. Warren testified that once the information was amended to a first degree felony, the lowest permissible sentence remained 51 months, but the maximum sentence became thirty years. Id. The amended information for aggravated child abuse, a first degree felony, was filed on May 12, 2011.[6] Id. at 28.

---

[6] Apparently, years before the crime was committed, the legislature had changed the crime of aggravated child abuse from a second degree felony to a first degree felony. Ex. Q at 30.

Attorney Richard Price testified that he did not show the written plea offer to Petitioner.  <u>Id</u>. at 34-36.  He advised Petitioner that the crime was charged as a second-degree felony with a maximum sentence of fifteen years.  <u>Id</u>. at 35.  Mr. Price knew that the prosecutor, Mr. Gosney, was seeking a second medical opinion, but Mr. Gosney was "thinking four years."  <u>Id</u>. at 36.  Mr. Price hoped that the defense would receive an offer for something less than four years, perhaps even a misdemeanor offer.  <u>Id</u>. at 36-37.  He told Petitioner that the prosecutor was thinking four years, but a second medical opinion would be forthcoming.  <u>Id</u>.

Mr. Price testified that he would not have felt compelled to show Petitioner the written offer because he had previously discussed with Petitioner the possibility of county time and the state's counter offer of four years, and the offer of over four years was not something the defense was going to accept at that time.  <u>Id</u>. at 37-38.  Mr. Price believed the written offer was simply the official offer, documenting what had previously been discussed with the prosecutor.  <u>Id</u>. at 40.  Petitioner was not interested in four years, and Mr. Price did not recommend that he take such an offer.  <u>Id</u>.

Upon further inquiry by Petitioner, Mr. Price referenced the cover of his file with a date on it noting that the state's plea offer was discussed.  <u>Id</u>. at 44.  The document notes under the heading May 27, 2009, that he spoke with defendant, explaining the situation and the state's offer.  <u>Id</u>. at 45; Ex. R at 45.  Mr.

Price clarified that he was referencing the verbal offer of four years, as the notation pre-dated the written offer. Ex. Q at 45. Petitioner's mother testified that her son did not mention any offers to her, other than the written one found by Mr. Warren. Id. at 48-49.

Steven Gosney, the former prosecutor, testified that during the plea negotiations, he was seeking a second opinion from a doctor, but he did offer a plea to the guidelines. Id. at 54. He memorialized that offer in the written offer, although it turned out it was 51 months, instead of 48 months. Id. at 54, 57; Ex. R at 46. Later on, the second medical opinion came in supporting the state's charge that the child's injury was caused by being violently thrown down, rather than an accidental dropping. Ex. Q at 55-56.

Mr. Gosney explained that during the plea negotiations, defense counsel related that Petitioner wanted county jail time, but the state countered with a guidelines sentence offer, but Mr. Gosney mentioned that he may be willing to agree to county jail time if the second medical opinion contradicted the first one. Id. at 61-62.

The court asked questions during the evidentiary hearing. In particular, the court asked Mr. Price whether he went over the written offer with his client. Id. at 69. Mr. Price said he reviewed the document, and it shows his initials, but he did not discuss it with his client because they had already discussed the

- 17 -

guidelines offer, and it was not something his client was going to entertain at that juncture. Id. at 69-70.

The transcript from the May 23, 2011 proceeding is attached to the court's order denying the Rule 3.850 motion. Ex. R, Attachment, Transcript of Proceedings of May 23, 2011, at 35-44. It references the discovery of the unsigned plea offer and the signed plea offer. Id. at 38. Mr. Warren stated that he relayed it to his client, noting that the state had revoked that offer. Id. When Petitioner heard the written offer, he said he needed some time to talk about it. Id. Petitioner, on May 23, 2011, told Mr. Warren he wanted to accept the written offer, but at that point, the state had already decided to amend the information to a first-degree felony and offered a prison term of twenty years followed by ten years of probation. Id. at 39-40. Petitioner rejected that offer. Id. at 40. The court, at the close of the proceeding, said, "[a]nd I would state at this time, I heard what the State's original recommendation was, and I would not even be -- consider that." Id. at 44.

In denying the post conviction motion, the circuit court found counsel's performance deficient, but did not find prejudice. This Court has thoroughly reviewed the record, and concludes that there was no unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1). Also, Petitioner has not overcome the presumption of correctness of the state court's factual findings. 28 U.S.C. §

2254(e)(1). There was no unreasonable application of clearly established law in the state court's decision to reject the Strickland ineffectiveness claim due to Petitioner's failure to demonstrate prejudice.

Petitioner has not shown prejudice because he has not established that, if Mr. Price had shown him the written offer, there is a reasonable probability that Petitioner would have accepted the plea or that the plea would have been accepted by the trial court.[7] On the contrary, as noted by the circuit court, Petitioner would not have accepted the written offer. Petitioner was adamant that he would only accept a county jail sentence. He had not accepted the verbal offer of four years. The defense was hoping that the charge might be reduced or the offer may come down once the state received a second medical opinion. The circuit court concluded that "[t]he defendant has failed to meet his burden to show by a reasonable probability that he would have accepted the original plea offer." Ex. R at 32. It was only on the eve of trial, when he was facing a higher charge, a first degree felony charge with a possible thirty-year prison term, that Petitioner considered accepting an offer of a prison term.

---

[7] Of import, in affirming the denial of the Rule 3.850 motion, the Fifth District Court of Appeal referenced Alcorn v. State, 121 So.3d 419, 431 (Fla. 2013) (recognizing that the Supreme Court of the United States rejected the Cottle principle that the defendant need not establish that the trial court would have accepted the plea agreement offered by the state). The Florida Supreme Court noted that Cottle and its progeny were no longer good law after Frye. Id.

Not only that, the trial court, on May 23, 2011, stated that it would not even consider accepting a plea to the state's original recommendation. Ex. R at 44. Thus, Petitioner failed to satisfy the prejudice requirement set forth in <u>Missouri v. Frye</u>.[8] Accordingly, Petitioner's ineffectiveness claim is without merit as he has not shown resulting prejudice.

In sum, in denying Petitioner's post-conviction motion, the trial court concluded that Petitioner was not prejudiced by counsel's deficient performance. The Fifth District Court of Appeal affirmed the trial court's decision. Upon review, there was no unreasonable application of clearly established law in the state court's decision to reject the <u>Strickland</u> ineffectiveness claim. The decision was not contrary to clearly established federal law and was not based on an unreasonable determination of the facts. Deference under AEDPA should be given to the state court's decision. Therefore, Petitioner is not entitled to habeas relief on ground two of the Petition.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

---

[8] Trial courts in Florida have the discretion to refuse to accept the plea. <u>Alcorn</u>, 121 So.3d at 430.

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.**[9]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of March, 2016.

_____
BRIAN J. DAVIS
United States District Judge

sa 3/21
c:
Wayne Anthony Wright
Counsel of Record

_____

[9] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

- 21 -